

**FILED**

MAY 0 5 2010

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA SMIT, | ) | File No. Civ. _10 - 4047_ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| **Ability Insurance Company, f/k/a** | ) | |
| **Medico Life Insurance Company,** | ) | |
| **Ability Resources, Inc.,** | ) | |
| **Ability Reinsurance Holdings** | ) | |
| **Limited,** a Bermuda Limited | ) | |
| Company, **Ability Reinsurance** | ) | |
| **Limited,** a Bermuda Limited | ) | |
| Company, and **Medico Insurance** | ) | |
| **Company.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the plaintiff, by and through her attorney Mike Abourezk, and

hereby states as follows:

**PRELIMINARY STATEMENT**

1.    Patricia Smit is a resident of Viborg, South Dakota.

2.    The defendants are a group of companies located and with their primary

place of business outside the state of South Dakota.

3.    The amount in controversy exceeds $75,000.

**NATURE OF THE CASE**

4.    The defendants are an association of entities acting together under the

name AbilityRE (Ability) for a common purpose of engaging in the business of

insurance, and also act as the alter egos and/or agents of each other.

1

5.     One of the insurance products administered by Ability is a line of policies for long term health care.

6.     Ability purchased MEDICO Life Insurance Company in 2007, including the block of insurance policies in which Patricia Smit's policy is included, but MEDICO continued to administrate claims on behalf of Ability for some period of time. The claim here was administered after Ability purchased the block of business.

7.     In 1999, Patricia Smit purchased a policy of long term care insurance now administered by Ability.  The policy provides for payments of $90 per day for reimbursement of expenses incurred for nursing home or assisted living benefits.

8.     Patricia Smit is 89 years old, and suffers from rheumatoid arthritis, upper back pain, hypothyroidism, high blood pressure, and osteoporosis.

9.     As a result of her age and medical conditions, and under the direction of her medical doctor, Patricia Smit required admission to a supervised care facility on 7/25/08 in Viborg, South Dakota.

10.     The policy provides that to be eligible for benefits, the claimant must satisfy only of three benefit qualifiers:

    (1)     **Medical Necessity**: You must require covered care due to sickness or injury.  The care prescribed must be consistent with accepted medical standards for treating the diagnosed condition and could not have been omitted without adversely affecting your condition.

    (2)     **Loss of Functional Capacity**: You need active personal

2

assistance to perform at least two of the six defined Activities of Daily Living.

(3)   **Cognitive Impairment**: You require supervision and direction because of cognitive impairment.

11.   Patricia Smit presented records to Ability documenting her eligibility for benefits.

12.   Ability denied the claim.

13.   Patricia Smit clearly qualified for benefits and any reasonable investigation would have confirmed that her health and safety would be adversely affected if she were to go without supervised care.

14.   Ability's denial forced Smit to hire an attorney, who appealed the denial. Ability still refused to pay.

15.   After months of continued appeals, on January 29, 2010, Ability finally conceded that Patricia Smit is now eligible for benefits, and agreed she had become eligible as early as July 28, 2009.  Ability still refused to pay benefits between July 25, 2008, and July 29, 2009.

16.   However, even after conceding that Patricia Smit is eligible, and entitled to back pay of benefits commencing July 29, 2009, Ability has then delayed payment of those benefits, and has paid nothing at all in the three months  since agreeing to do so on January 29, 2010.

17.   Defendants have no reasonable basis to withhold or delay benefits.

18.   Defendants know or should know there is no reasonable basis.

19.   Defendants have failed to conduct a reasonable investigation to

determine eligibility for benefits, and the investigation it has conducted focused on finding reasons to deny or delay payment.

20.     As a result of the unreasonable denial and delay of benefits, Defendants have withheld over $50,000 owed for benefits, as well as causing loss of use of the money, emotional upset, aggravation, distress, wasted time, annoyance, and other harms.

21.     Defendants' conduct here is part of a pattern of ignoring policy provisions, misrepresenting policy provisions, and improperly applying policy provisions in order to wrongfully withhold benefits from thousands of elderly policyholders.

22.     Defendants have engaged in oppression, fraud, and malice, and punitive damages are appropriate in order to stop this from happening.

WHEREFORE, Plaintiff seeks the following relief:

1.     Compensatory damages in an amount to be determined at trial.

2.     Punitive damages in an amount to be determined at trial.

3.     Prejudgment interest as allowed by law.

4.     Other relief as deemed appropriate and necessary.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated this **3** of May, 2010.

By: _____

Mike Abourezk
Attorneys for Plaintiff
Post Office Box 9460
2020 W. Omaha St.
Rapid City, South Dakota 57709
(605) 342-0097

4